## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------x
In re                                                    :
                                                         :
RCS CAPITAL CORPORATION, et al.,                         :
                                                         :
                        Debtors.                         :
---------------------------------------------------------:      Chapter 11
RCS CREDITOR TRUST,                                      :
                                                         :      Case No.: 16-10223(MFW)
                        Plaintiff,                       :
                                                         :      Adv. Proc. No.: 18-50204
                        -against-                        :
                                                         :
SCHULTE ROTH & ZABEL LLP,                                :
                                                         :
                        Defendant.                       :
                                                         :
---------------------------------------------------------x
```

## ANSWER

Schulte Roth & Zabel LLP ("SRZ"), the defendant in the above-captioned adversary proceeding, answers the complaint as follows:

1.      Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs "1", "2", "6", "7", "9", "12", "13", "15", "16", "17", "18", "19", "20", "21", "25", "27", "30", and "36" of the complaint.

2.      Admits the allegations in paragraphs "3", "8", "10", "11", "14", "29", "31", "32", "33", and "35" of the complaint.

3.      Denies the allegations in paragraphs "34", "37", "39", "40", "42", "43", "44", "46", "47" and "49" of the complaint.

4.      Declines to respond to and rejects plaintiff's inappropriate legal conclusions set forth in paragraphs "4", "5", and "48" of the complaint.

{782.002-W0050444.}

5.      Denies the allegations in paragraph "22" of the complaint except admits entering into an "Engagement Letter," dated February 26, 2015, with RCS Capital Corporation, RCS Capital LLC and Realty Capital Securities, LLC (collectively, "RCS"), the terms of which speak for themselves.

6.      Denies the allegations in paragraphs "23" and "24" of the complaint except admits providing legal services to all three RCS entities from March, 2015 through the Petition Date under the terms of the Engagement Letter.

7.      Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "26" of the complaint except admits receiving funds from all three RCS entities during the Preference Period.

8.      Repeats the responses set forth above to the allegations in paragraphs "28", "38", "41", and "45" of the complaint.

### FIRST AFFIRMATIVE DEFENSE
#### [Insolvency]

9.      On information and belief, RCS was solvent when SRZ received the payments challenged in the complaint.

### SECOND AFFIRMATIVE DEFENSE
#### [Judicial Estoppel/Lack of Standing]

10.      The confirmed reorganization plan ("Plan") in this case (D.I. 745, 746, 769) and related Plan disclosure documents failed to reserve the plaintiff's asserted claims against SRZ, for they never disclosed, among other things, the categories of potential defendants, the value of any asserted claims against SRZ, and the identities of litigation targets such as SRZ.

11.      In addition, RCS represented to the Court that SRZ was "disinterested" when it sought to retain SRZ as special litigation counsel, obtained an order from this Court on

{782.002-W0050444.}

that basis, among other things, and never objected, when it had the opportunity, to the allowance of SRZ's fees.

### THIRD AFFIRMATIVE DEFENSE
[Ordinary Course of Business]

12.     All payments if made by RCS to SRZ were (a) in payment of a debt incurred by RCS in the ordinary course of the business of RCS and SRZ and (b) made in the ordinary course of business of RCS and SRZ, or (c) made according to ordinary business terms.

### FOURTH AFFIRMATIVE DEFENSE
[Subsequent New Credit]

13.     After receiving any payment from the three RCS entities in 2015, SRZ gave RCS new value on an unsecured basis in the amount of at least $377,699.73.

### FIFTH AFFIRMATIVE DEFENSE
[Failure to State Claim for Relief]

14.     The complaint fails to state a claim for relief against SRZ because, among other things, one of the three RCS entities, RCS Capital LLC, is not a debtor in this Court or any other Court.

### SIXTH AFFIRMATIVE DEFENSE
[Inconvenient Venue]

15.     The Court should transfer this action to the Southern District of New York, for neither RCS, SRZ, the witnesses, or the alleged transfers have any connection to this district.

WHEREAS, the Court should dismiss the complaint, award costs to SRZ, and grant SRZ such other relief as is just.

Dated:  March 6, 2018
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
James S. Green Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450

- and -

MICHAEL L. COOK (*admitted pro hac vice*)
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

*Attorneys for Defendant*