IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

------------------------------------------------x

In re                                            :

RCS CAPITAL CORPORATION, et al.,                 :     Chapter 11

                   Debtors.     :     Case No.: 16-10223 (MFW)

------------------------------------------------:     Adv. No.: 18-50204 (MFW)

RCS CREDITOR TRUST,                              :

               Plaintiff       :

                        :

          vs.                          :

SCHULTE ROTH & ZABEL LLP,                        :

              Defendant.       :

------------------------------------------------x

## MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TRANSFERRING ADVERSARY PROCEEDING UNDER 28 U.S.C. §1412 AND FED. R. BANKR. P. 7087

### Preliminary Statement

       The Court should transfer this action to the Southern District of New York.  Neither the debtor, the defendant, the witnesses, nor the alleged transfers have any connection to this district.  See accompanying affidavits of Martin L. Perschetz and Michael L. Cook, sworn to March 5, 2018 ("Perschetz Aff." and "Cook Aff.").  The only connection here is the main Chapter 11 case for two New York City debtors, RCS Capital Corporation and its affiliate Realty Capital Securities, LLC (collectively, "RCS"), but the Court confirmed the debtors' Chapter 11 plan two years ago on May 19, 2016.  D.I. 769; Complaint ¶ 10.  Administration of the main case is over, and the debtors' plan became effective on May 23, 2016.  D.I. 782; Complaint ¶ 11.  Confirming that this action has nothing to do with the administration of the main case, the plaintiff trust waited two years to sue,

just before the applicable statute of limitations period was about to expire. In re Centennial Coal, Inc., 282 B.R. 140, 144-45 (Bankr. D. Del. 2000) (plan substantially consummated; transfer would not "delay…administration" of estate).

Plaintiff apparently filed the complaint here in Delaware on January 30, 2018, in the hope of forcing SRZ to incur unnecessary costs of litigating in a distant forum. It knew that neither the debtors nor SRZ do business in Delaware. Perschetz Aff., at 1-2, Exh. A. In fact, RCS and SRZ did business in New York City, and expressly agreed to arbitrate any dispute between them in New York City. Id. The plaintiff creditor trust has New York City counsel. Perschetz Aff., at 3. The plaintiff's "trust administrator," with primary executive responsibility for the Creditor Trust (D.I. 735-1, at 4) is based in New York and serves as trustee and restructuring officer in major Southern District of New York cases. Cook Aff., at 2. The relevant books and records are in New York City. Perschetz Aff., at 2. The challenged transfers occurred in New York between the New York based RCS and its New York counsel, SRZ. Id. No one who participated in the underlying transfers resides in Delaware. Id. at 3. In short, Delaware is not a convenient venue for this dispute.

The Court should not have to waste any time or resources dealing with this recently filed complaint. Plaintiff has already required SRZ to incur unnecessary costs, including the costs associated with filing this motion. The Court should transfer this action to the Southern District of New York, which is more convenient for RCS, SRZ, and the witnesses.

### Relevant Statute and Rule

"A district court may transfer a…proceeding…in the interest of justice or for the convenience of parties" 28 U.S.C. § 1412. According to Federal Rule of Bankruptcy Procedure 7087, in relevant part, "the court may transfer an adversary proceeding…to another district pursuant to 28 U.S.C. § 1412 . . ." As shown below, the Southern District of New York is significantly more convenient for the relevant parties and the witnesses than the District of Delaware. "Section 1412 is

{782.002-W0050443.}

phrased in the disjunctive and a proceeding is subject to transfer upon a showing that either the interest of justice or the convenience of the parties is met." *In re Northfield Laboratories, Inc.*, 467 B.R. 582, 590 (Bankr. D. Del 2010).

**Relevant Facts**

1. **The Alleged Transfers Occurred in New York City, Not Delaware**

All of the transfers alleged in the complaint here took place in New York, between the New York debtor and SRZ, its New York counsel. Perschetz Aff., at 2. See *McFarland v. Yegen*, 699 F. Supp. 10, 13 (D.N.H. 1988) ("claim for relief" can occur only where defendants "commit or fail to commit the actions" that are the subject of the complaint).

SRZ rendered services to RCS only in New York City, in the Southern District of New York, not Delaware. Perschetz Aff., at 2. To the extent RCS paid for SRZ's services, it did so exclusively in New York City. Id. RCS also induced SRZ to continue performing services for it in New York without payment, leaving SRZ with an unsecured claim of at least $377,000. Perschetz Aff., at 2. In re Northfield Laboratories, Inc., 467 B.R. 582, 591 (Bankr. D. Del 2010) (litigation belonged in Illinois, not Delaware, because "case arose out of alleged misrepresentations made by residents of [Illinois]. [Defendant debtor's] primary place of business was in [Illinois], [its] business records were located there…").

2. **Neither the Debtor Nor SRZ Resides in Delaware**

Plaintiff does not — and cannot — allege that SRZ resides in Delaware. Rather, it ignores the facts, seeking to use this Court in a fully administered case to harass an out-of-town defendant..

Courts reject the notion that the Judiciary Code's nationwide service of process provision (28 U.S.C. § 1334(b)) is sufficient to establish venue in any United States district court. In *Waeltz v. Delta Pilots Ret. Plan*, the Seventh Circuit (following precedent set by the Ninth

Circuit) explained that if Congress intended to have a federal statute's nationwide service of process provision mandate venue in every district court, there would have been no reason for Congress to enact a venue provision such as 28 U.S.C. § 1404(a), the counterpart to § 1412.  301 F.3d 804, 809 (7th Cir. 2002) (discussing *Varsic v. United States Dist. Court for Cent. Dist.*, 607 F.2d 245, 247 (9th Cir. 1979) with approval); In re Fed. Fountain, Inc., 165 F.3d 600, 601-02 (8th Cir. 1999) (en banc) (despite national service of process in bankruptcy litigation, a defendant can always seek change of venue); *see also McFarland v. Yegen*, 699 F.Supp. 10, 14 (D.N.H. 1988) (mandated venue in every district "would make the language of the venue provision superfluous…[T]hat also would be unfair to the defendants, even considering the liberal intention of Congress").

SRZ, like RCS, resides in New York, where it maintains its principal office, but not in Delaware.  Perschetz Aff., at 2.  *See, e.g., Seitz v. Board of Trs. Of the Pension Plan of the N.Y. State Teamster Conf. Pension & Retirement Fund*, 953 F. Supp. 100, 102 (S.D.N.Y. 1997) (defendant resided in Utica, where it had offices).

The plaintiff here could not have reasonably believed that venue was at all in convenient in Delaware.  It knew that SRZ is based in New York; that SRZ performed services for the New York debtor, RCS, in New York (and never in or anywhere near Delaware); that RCS paid SRZ in New York; and that SRZ has no office, records or employees in Delaware.  The plaintiff trust, with its New York trust administrator and its New York counsel, had no legitimate reason to have commenced this action in Delaware other than to exploit an inconvenient forum or to impose unnecessary expense on SRZ.  *See Hafterlaw v. Pal, LLC*, 2014 U.S. Dist. LEXIS 130130, at *15 (D. Nev. Sept. 27, 2014) ("[a] court may consider whether a complaint 'smacks of harassment and bad faith' or contains indicia of forum shopping to determine whether a transfer would serve the interests of justice".).

## THE SOUTHERN DISTRICT OF NEW YORK IS CONVENIENT
## FOR THE PARTIES AND WITNESSES

The Court should transfer this case to the Southern District of New York for the convenience of the parties and the witnesses. A court can transfer a case pursuant to 28 U.S.C. § 1412 when the moving party "show[s] that the action could have been brought in the transferee district." *Robert Bosch LLC v. Corea Autoparts Producing Corp.*, 2011 U.S. Dist. LEXIS 103170, at *4 (D. Nev. 2011). "Section 1412 of title 28 governs transfers of venue in a . . . proceeding . . ., while section 1404(a) is the general transfer of venue statute applicable to all federal civil cases [but] [t]he analysis under either section is essentially the same, namely, whether 'justice' and the 'convenience of the parties' warrants transfer." In re IPC Int'l Corp., 2014 Bankr. LEXIS 4602, *15 (Bankr. D. Del. 2014). To determine if a case should be transferred, courts evaluate the parties' and witnesses' convenience based on the facts. Id. at *5. "The factors courts typically review when considering the convenience of the parties' under section 1412 include: (i) the location of the plaintiff and defendant; (ii) the ease of access to necessary evidence; (iii) the convenience of witnesses; (iv) the availability of subpoena power; (v) the expense of obtaining unwilling witnesses." *In re Northfield Laboratories, Inc.*, 467 B.R. 582, 591 (Bankr. D. Del 2010).

### A.   The Complaint Could Have Been Filed In The Southern District of New York

The complaint here could have been filed in the Southern District of New York even if this Court has jurisdiction over the matter. In re Fed. Fountain, Inc., 165 F.3d 600 (8th Cir. 1999) (en banc) (defendant can always seek change of venue). Under Section 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11....". Because this suit arose under the Code, all district courts (like the Southern District of New York) have subject matter jurisdiction over this dispute. *See In re Fed. Fountain, Inc.*, 165 F.3d at 601-02 (national service of process permitted; "The inconvenience associated with a

{782.002-W0050443.}

particular forum...can always be brought to the district court's attention by means of a motion under 28 U.S.C. § 1404(a) [or §1412] which provides for transfer of venue '[f]or the convenience of parties in the interest of justice."). Indeed, RCS and SRZ agreed to arbitrate any dispute between them in New York City. Perschetz Aff., at 2.

As noted, the challenged transfers here took place within the Southern District of New York. Perschetz Aff., at 2. Because SRZ has its office in the Southern District of New York, it both resides and can be found in the Southern District of New York. *See, e.g., Seitz v. Board of Trs. Of the Pension Plan of the N.Y. State Teamster Conf. Pension & Retirement Fund*, 953 F. Supp. 100, 102 (S.D.N.Y. 1997) (defendant resided and could be found in Utica, New York because it had its office in Utica and its contacts in the forum were substantial and continuous).

### 3. The Southern District Of New York Is A Convenient Forum

Courts consider the following criteria to determine the convenience of the parties and witnesses for transfer purposes:

> "(1) plaintiff's choice of forum, (2) defendant's forum preference,
> (3) whether the claim arose elsewhere, (4) location of the books and
> records and/or the possibility of viewing the premises if applicable,
> (5) the convenience of the parties as indicated by their relative
> physical and financial condition, (6) the convenience of the witnesses
> – but only to the extent that the witnesses may actually be unavailable
> for trial in one of the fora, (7) the enforceability of the judgment,
> (8) practical considerations that would make the trial easy,
> expeditious, or inexpensive, (9) the relative administrative difficulty
> in the two fora resulting from congestion of the courts' dockets,
> (10) the public policies of the fora, (11) the familiarity of the judge
> with the applicable state law, and (12) the local interest in deciding
> local controversies at home.

IPC Int'l. Corp., 2014 Bankr. LEXIS, at *16, citing In re DHP Holdings II Corp. 435 B.R. 264, 273 (Bankr. D. Del. 2010). Accord, Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-82 (3d Cir. 1995) ("Everything related to this action occurred in Luzerne County, which lies in the Middle District: plaintiff resides there, the underlying accident occurred there, and the requested arbitration will

eventually occur there."). The Court should thus consider the relevant facts, using its discretion to determine "on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Id., at 883. See Collier, Bankruptcy ¶ 4.05 [3], at 4-35 (16[th] rev. ed. 2016) (". . . this list [of factors] is quite similar to [those] considered under Section 1404."). *Accord Robert Bosch LLC v. Corea Autoparts Producing Corp.*, 2011 U.S. Dist. LEXIS 103170, at \*5 (D. Nev. 2011); *see also Lucarelli v. Rental Treatment Ctrs,-III., Inc.*, 2008 U.S. Dist. LEXIS 7773, at \*11-12 (D. Nev. 2008). This Court's IPC considerations warrant transferring this case to the Southern District of New York.

### A.    Payments, Records and Agreement To Litigate in New York

The challenged payments occurred in the Southern District of New York. The debtor, SRZ, and all relevant records are in New York City. (Perschetz Aff. at 3.) Moreover, RCS and SRZ agreed to arbitrate any dispute between them in New York City. Perschetz Aff., Ex. A. As the Third Circuit noted in Jumara, courts "should place considerable weight on the parties' original choice of forum, as expressed in a contractual forum selection clause." 55 F.3d at 882.

### B.    Federal Questions

The issues involved in this case are federal questions, about which the Southern District of New York and the District of Delaware are equally familiar. *See In re Principal United States Prop. Account Litig.*, 2010 U.S. Dist. LEXIS 64342, at \*16 (S.D.N.Y. 2010). The Southern District of New York, like the District of Delaware, regularly disposes of preference actions. See, e.g., Enron Creditors Recovery Corp. v. Alfa SAB, 651 F.3d 329 (2d Cir. 2011).

### C.    All Events Occurred in New York; New York Witnesses, Parties and Principal Place of Business

The plaintiff's choice of forum may be given great consideration, but here "the operative facts have not occurred within the forum and the forum has no interest in the parties or

subject matter, [and the plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); Jumara, 55 F.3d at 882 ("everything related to this action occurred…in the Middle District" -- outside the forum court); Centennial Coal, 282 B.R. at 146 (defendant's choice of venue is [where] all claims in the underlying action arose, most of the parties and witnesses reside, and is the principal place of business of both [the debtor] and [defendant]….; suit transferred from Delaware).  Indeed, the plaintiff's "choice of forum for its bankruptcy case has no direct relation to the operative, underlying facts of [this] adversary proceeding." In re Buffets Holdings, Inc. 397 B.R. 725, 728 (Bankr. D. Del. 2008).  Further, "deference is lessened" when, like here, "[p]laintiffs purport to bring their action in a representative capacity" and where "[p]laintiff[s] [are] not [] resident[s] of this District (or even of this Circuit or this state)." *See Rader v. Bruister*, 2010 WL 2179799, at *5 (E.D. Ca. 2010); *Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharms.*, 2002 U.S. Dist. LEXIS 22583, at *9 (N.D. Cal 2002).

The plaintiff brought this suit in its representative capacity for the debtor's creditors, few of whom reside in the District of Delaware.  Aside from its New York counsel, the New York based trust administrator of the plaintiff trust has Minnesota counsel.  Most significant, the trust administrator of the plaintiff trust here is based in Woodmere, New York, and regularly serves as chief restructuring officer and liquidating in major Southern District of New York cases.  Cook Aff., at 2.  Aside from its New York counsel, the plaintiff trust has Minnesota counsel.  Most significant, the plaintiff trust administrator is based in Woodmere, New York, a New York City suburb, and regularly serves as chief restructuring officer and liquidating trustee in major Southern District of New York cases.  Cook Aff., at 2.  Thus, plaintiff's choice of forum warrants no deference.

{782.002-W0050443.}

D.     **No Material Delaware Contacts**

No parties reside in Delaware.  (Perschetz Aff., at 3)  Of the debtor's creditors, less than 1 percent even purport to reside in Delaware because of the location of counsel, but the creditor itself is based in New York City.  (Cook Aff. ¶ 5.)  No Delaware-based participant is a party to this action.  Id.  DHP, 435 B.R. at 274 ("[Defendant's] counsel is in Texas; the Debtor's operations are based in Kentucky; [defendant's] headquarters are in Georgia.  Based on the parties and their counsel's physical locations, the [Plaintiff] Debtors cannot show that Delaware is more convenient than Georgia.").

E.     **All Material Events Occurred in New York**

Plaintiff does not allege that the challenged payments occurred in Delaware, for it cannot.  The RCS debtors were headquartered within the Southern District of New York and made their relevant decisions (e.g., retention of SRZ; payment) there.  Perschetz Aff., at 1-2.  As set forth above, SRZ performed all its services in New York City for its New York client.  Id.

F.     **Unnecessary Added Expense**

The cost of litigating this case in Delaware will be greater than the cost of litigating it in New York.  SRZ and its counsel reside in New York, 129 miles away from Wilmington, Delaware.  Id. At 3.  They will be required to incur travel costs for each court appearance.  The same is true for SRZ's witnesses, none of whom live in Delaware.  Id.  The same is true for all RCS witnesses.  SRZ would also be required to pay for Delaware counsel if this suit remains here.  It makes no economic sense to have this case heard more than 129 miles away from all witnesses and relevant records.

G.     **Unavailable Witnesses**

The District of Delaware will not be able to compel testimony of unwilling non-Delaware participants.  The appropriate knowledgeable RCS witnesses are based in New York City,

{782.002-W0050443.}

9

not Delaware, and will have to be served with subpoenas for depositions and trial. The Bank of America employees familiar with the RCS accounts are also apparently in New York. Rule 45(c)(1) of the Federal Rules of Civil Procedure, made applicable here by Fed. R. Bankr. P. 9016, only permits this Court to subpoena witnesses who either live, work or transact business in Delaware or within 100 miles of Wilmington, Delaware.

### H.    Ease of Access To Records

The records of RCS, the debtor, and SRZ are located in the Southern District of New York. Perschetz Aff., at 2.

In sum, the Southern District of New York is a significantly more convenient forum for the parties and witnesses than Delaware – where none of the parties reside, no records are maintained, and where none of the alleged conduct took place. "[P]ractical considerations…would make the trial easy, expeditious [and] inexpensive" in New York. IPC Int'l Corp., 2014 Bankr. LEXIS, at *16; Jumara, 55 F.3d at 879. This case should therefore be transferred to the Southern District of New York, where RCS and SRZ agreed to arbitrate any dispute. *See, e.g.,* In re U.S. Wireless Corp., 2004 WL 1146098, *2 (Bankr. D. Del. 2004) ("California is the location of all relevant documents. Also, the conduct giving rise to the causes of action occurred in California where [defendant] is located and where Debtor's headquarters were located. The location of most, if not all, of the witnesses who will be needed for trial are located in California."; transfer ordered; plaintiff had California counsel.). *Lucarelli v. Rental Treatment Ctrs.-III, Inc.*, 2008 U.S. Dist. LEXIS 7773, at *12 (D. Nev. 2008) (transfer to Missouri was proper when evidence and witnesses of the defendant were located in Missouri, witnesses and lawyers would have to travel for trial and Missouri "ha[d] the most significant relationship to [the] case").

## CONCLUSION

For the reasons set forth above, this action should be transferred to the Southern

District of New York for the convenience of the parties and witnesses involved.

Dated:  March 6, 2018
      Wilmington, Delaware

          **LANDIS RATH & COBB LLP**

          Adam G. Landis (No. 3407)
          James S. Green, Jr. (No. 4406)
          919 Market Street, Suite 1800
          Wilmington, Delaware 19801
          Telephone: (302) 467-4400
          Facsimile:  (302) 467-4450

          - and -

          MICHAEL L. COOK (*admitted pro hac vice*)
          SCHULTE ROTH & ZABEL LLP
          919 Third Avenue
          New York, New York 10022
          Telephone: (212) 756-2000
          Facsimile: (212) 593-5955

          Attorneys for Defendant