IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                                          :
                                                               :
RCS CAPITAL CORPORATION, et al.,                               :
                                                               :
                           Debtors.                            :    Chapter 11
-------------------------------------------------------------- :
RCS CREDITOR TRUST,                                            :    Case No.: 16-10223(MFW)
                                                               :
                           Plaintiff,                          :    Adv. Proc. No.: 18-50204
                                                               :
                      -against-                                :    **Ref. Nos. 5, 6 and 10**
                                                               :
SCHULTE ROTH & ZABEL LLP,                                      :
                                                               :
                           Defendant.                          :
                                                               :
---------------------------------------------------------------x

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER
TRANSFERRING ADVERSARY PROCEEDING
UNDER 28 U.S.C. §1412 AND FED. R. BANKR. P. 7087**

**Preliminary Statement**

The plaintiff creditor trust ("Trust") argues that the "Court is already familiar with this case" and should not transfer this action. (Trust Brief, at 2, 7). In its view, another court should not "have to invest time on an entirely new matter." Id. Nothing in the record, though, shows the Court's familiarity with this just-commenced action. The facts mandate transfer.

The Trust ignores the following indisputable facts:

- 28 USC § 1412 (court may transfer action "for the convenience of the parties.").

- The debtors and the defendant Schulte Roth & Zabel ("SRZ") are based in New York City. Perschetz Aff., at 1-2, Exh. A.

- Only two of the three SRZ clients were Delaware debtors for about 3½ months during 2016. Complaint ¶10; D.I. 769.

{782.002-W0050587.}

- The underlying Chapter 11 case was fully administered and the debtors' plan became effective on May 23, 2016. Complaint ¶11; D.I. 782.

- All three SRZ clients agreed to arbitrate in New York, but only two were debtors in this Court. Perschetz Aff., at 1-2, Exh. A.

- Debtors had hired SRZ as their special litigation counsel to continue litigating on their behalf in New York after leaving them with an unsecured $377,000 claim. Perschetz Aff., at 2, Exh. A.

- The Trust has New York and Minnesota counsel prosecuting this action. Complaint; Perschetz Aff., at 3.

- All operative facts in this proceeding, including the challenged payments and the relevant decisions, were made in New York. Perschetz Aff., at 2.

- All participants reside in and the challenged payments were made in New York City. Id.

- The Trust Administrator is based in New York. Cook Aff., at 2.

- This action could have been brought in the Southern District of New York. Perschetz Aff., at 2.

- The Trust is only suing in its representative capacity. Cook Aff., at 2.

- The Trust imposed the cost of litigating on SRZ after the debtors left SRZ with an unsecured claim of $377,000. Perschetz Aff., at 2.

The Trust also concedes the following:

- Depositions and mediation are available in New York. Trust Brief, at 7.

- Delaware's only connection is a two-year old fully administered 3-1/2 month Chapter 11 case for two of SRZ's three clients.

- All knowledgeable witnesses are in New York. Perschetz Aff., at 3.

- No party or witnesses are in Delaware. Cook Aff., at 2; Perschetz Aff., at 2.

- No relevant records are in Delaware. Perschetz Aff., at 3.

- None of the relevant challenged conduct took place in Delaware. Id., at 1-2.

In sum, the Trust ignores the facts. As noted in SRZ's opening memorandum (p. 7), the Third Circuit requires a court to consider the relevant facts, using its discretion to determine "on an individualized case-by-case basis, whether <u>convenience</u> and <u>fairness considerations</u> weigh in favor of transfer." <u>Jumara v. State Farm Ins. Co.</u> 55 F.3d 783, 883 (3d Cir. 1993) (emphasis added).

## **Reply**

The Trust failed to address the undisputed facts and failed to offer a shred of evidence to support its legal maxims. A summary response to the Trust's baseless arguments shows why the Court should transfer this action.

| **Trust Argument** | **SRZ Reply** |
|---|---|
| 1. Venue proper. (Trust Brief, at 2) | 1. Agreed, but venue neither convenient nor fair. 28 U.S.C. § 1412; <u>Jumara</u>, 55 F.3d at 883; <u>In re DHP Holdings II Corp.</u>, 435 B.R. 264, 274 (Bankr. D. Del. 2010) (defendant's counsel in Texas; debtor's operations in Kentucky; defendant's headquarters in Georgia; because of physical locations, plaintiff could not "show that Delaware is more convenient than Georgia."). |
| 2. SRZ a large law firm that represented parties in Delaware. (Trust Brief, at 2) | 2. Irrelevant, if not offensive; issues are fairness and convenience, not whether an SRZ client retained and paid it in unrelated Delaware litigation. |
| 3. SRZ authorized by this Court to represent the debtors – "Delaware [not] a burdensome sojourn. . . ." (Trust Brief, at 2) | 3. The debtors sought and obtained Court authorization to continue using SRZ as its special litigation counsel for litigation <u>in the Southern District of New York</u>; hardly a "sojourn." Perschetz Aff., at 2, Exh. B. |
| 4. The Court is "familiar with the particular issues of the underlying bankruptcy case . . ." (Trust Brief, at 2, 7) | 4. Irrelevant and misleading: issue in this proceeding is an alleged pre-bankruptcy preference that had nothing to do with a 3½-month-old financial reorganization that ended two years ago. <u>In re Centennial Coal, Inc.</u>, 282 |

| **Trust Argument** | **SRZ Reply** |
|---|---|
|  | B.R. 140, 144-45 (Bankr. D. Del. 2000) (plan consummated; transfer would not "delay administration" of estate). |
| 5. The Trust chose Delaware to litigate this dispute. (Trust Brief, at 2-3) | 5. Begs the question, for the Trust never shows with hard facts why Delaware is more convenient for the parties or even fair to SRZ. Facts matter. In re IPC Int'l. Corp., 2014 Bankr. LEXIS 4602 *5 (Bankr. D. Del. 2014). |
| 6. Venue of the underlying case found to be proper. (Trust Brief, at 3) | 6. Also begs the question, for the issue here is whether this particular proceeding, on its undisputed facts, should be litigated in Delaware. As for the main case, venue was solely based on the New York debtors' state of incorporation (Delaware). |
| 7. General rule: proceeding should be litigated "where [underlying] bankruptcy case is pending." (Trust Brief, at 4) | 7. A legal maxim that ignores the particular facts of this action. Underlying case ended two years ago. |
| 8. "Courts generally defer to . . . plaintiff's decision of venue if it is legally proper." (Trust Brief, at 4) | 8. Another maxim that ignores the facts here, based on fairness and convenience. Jumara, 55 F.3d at 882 ("everything related to this action occurred" <u>outside</u> the forum court); Centennial Coal, 282 B.R. at 146 (case transferred from Delaware when "all claims … arose [in defendant's chosen forum] [where] most of the parties and witnesses reside, and is the principal place of business of both [debtor] and [defendant]." Deference "lessened" when plaintiff a non-resident and sues in "representative capacity" Rader v. Bruister, 2010 WL 21797, * 5 (E.D. Cal. 2010) (also, claims arose outside forum; forum had "little interest in either . . . parties or . . . subject matter of . . . lawsuit"; most parties reside outside forum "whose stake in . . . action is, at best, minimal . . . ."). |
| 9. Defendant's "choice of forum . . . bears less weight" than plaintiff's choice. | 9. One more maxim ignoring the facts here. |
| 10. This is a preference action; contract performance "irrelevant." (Trust Brief, at 5) | 10. Ignores fairness, convenience of parties (not one party based in Delaware), witnesses, |

| **Trust Argument** | **SRZ Reply** |
|---|---|
|  | and the Trust's New York counsel; the underlying bankruptcy ended two years ago. Preference actions are hardly unique to Delaware. |
| 11. ". . . likely that this case will not be document-intensive and . . . discovery will be limited to paper exchanges."  (Trust Brief, at 6) | 11. Speculative; self-serving; no factual support. Overlooks some of SRZ's affirmative defenses (e.g., ordinary course of business; solvency). See Answer, March 6, 2018 (Dkt. No. 4). |
| 12. "[F]orcing the estate to prosecute this action in [New York] will increase administrative expenses, lower the amounts available for distribution under the . . . Plan, and sap the temporal and financial resources of the Debtor."  (Trust Brief, at 6) | 12. Speculative; unsupported by any evidence. The reorganized debtors assigned the preference claim here to the Trust; the main Chapter 11 case has been over and done with for two years.  The Trust's New York and Minnesota counsel can prosecute this action in New York at no additional expense. |
| 13. Mediation and depositions can take place in New York (Trust Brief, at 7) | 13. Confirms that New York is a more convenient forum. |
| 14. Convenience of witnesses not important (Trust Brief, at 7-8) | 14. But fairness, convenience, and unnecessary expense to SRZ, loyal counsel to the debtors with a $377,000 unsecured claim, are undisputed; as a matter of simple fairness alone, this action should be litigated in New York. |
| 15. Enforceability of money judgment favors keeping action "with this Court."  (Trust Brief, at 8) | 15. Nonsensical; SRZ never raised the issue. |
| 16. Trust has other preference actions pending in Delaware.  (Trust Brief, at 8-9) | 16. Irrelevant.  Trust has New York and Minnesota counsel; SRZ not a party to other actions; this proceeding is at a preliminary stage (answer filed on March 6, 2018) (Dkt. No. 4). |
| 17. More "economical" for this Court to keep the action (Trust Brief, at 9). | 17. Unsupported, self-serving speculation; no evidentiary basis.  Court has no familiarity with this action. |
| 18. Transfer "would open the door for . . . other preference defendants . . . . "  (Trust | 18. Unsupported, self-serving speculation. The Trust's New York counsel can prosecute |

{782.002-W0050587.}   5

| **Trust Argument** | **SRZ Reply** |
|---|---|
| Brief, at 9) | the action in New York at no identified additional cost. |
| 19.  This Court can handle any state law issues. (Trust Brief, at 9-10) | 19.  Agreed, but SRZ never raised the issue. |
| 20.  "New York has no interest in the preference action against" SRZ.  (Trust Brief, at 10) | 20.  Neither does Delaware; SRZ never argued that New York Courts have a unique interest in this action. |

## CONCLUSION

For the reasons set forth above, this action should be transferred to the Southern District of New York for the convenience of the parties and witnesses involved.

Dated:  March 23, 2018
      Wilmington, Delaware

LANDIS RATH & COBB LLP

_____
Adam G. Landis (No. 3407)
James S. Green Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450

- and -

MICHAEL L. COOK (*admitted pro hac vice*)
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

*Attorneys for Defendant*