**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RCS CAPITAL CORPORATION, et al., | ) |
| | ) Case No. 16-10223 (MFW) |
| Debtors. | ) Jointly Administered |
| | ) |
| _____ | ) |
| | ) |
| RCS Creditor Trust, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. No. 18-50204 (MFW) |
| | ) |
| Schulte Roth & Zabel LLP, | ) Adv. D.I. 1, 6, 10, & 12 |
| | ) |
| Defendant. | ) |
| _____ | ) |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion filed by Schulte Roth & Zabel LLP (the "Defendant") to transfer venue of the above adversary proceeding to the Southern District of New York. For the reasons set forth below, the Motion will be denied.

I.  FACTUAL BACKGROUND

On January 31, 2016, RCS Capital Corporation (collectively, with its affiliated debtors, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On

---

[1]  The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Instead, the facts recited are those averred in the Complaint, which must be accepted as true for the purposes of this Motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

May 19, 2016, the Court entered an order confirming the Debtors' reorganization plan. (D.I. 769.) Pursuant to the plan, the RCS Creditor Trust (the "Plaintiff") was established, <u>inter</u> <u>alia</u>, to pursue avoidance actions. (D.I. 769, Ex. A.)

On January 30, 2018, the Plaintiff filed a Complaint against the Defendant seeking to avoid and recover prepetition payments made to the Defendant in the amount of $584,678.70 pursuant to sections 547(b) and 548(a)(1)(B) of the Bankruptcy Code. (Adv. D.I. 1.)

On March 6, 2018, the Defendant filed a motion to transfer venue. (Adv. D.I. 5.) A notice of completion of briefing was filed on March 30, 2018, and the matter is now ripe for determination. (Adv. D.I. 16.)

II. <u>JURISDICTION</u>

The Court has jurisdiction over this motion to transfer venue, which is a core proceeding. 11 U.S.C. § 157(b). <u>See also</u> <u>VeraSun Energy Corp. v. West Plains Co. (In re VeraSun Energy Corp.)</u>, No. 08-12606, 2013 WL 3336870, at *2 (Bankr. D. Del. June 28, 2013) ("[T]he Court has jurisdiction over motions to transfer venue, which are considered core proceedings.")

III. <u>DISCUSSION</u>

    A. <u>Applicable Law</u>

2

"[A] proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."  28 U.S.C. § 1409.  A Bankruptcy Court may transfer venue of an adversary proceeding on motion of a party in the "interest of justice" or for the "convenience of the parties."  Fed. R. Bankr. P. 7087; 28 U.S.C. § 1412.

The party seeking transfer, here the Defendant, bears the burden of demonstrating that "transfer is appropriate by a preponderance of the evidence."  Paul H. Shield, MD, Inc. v. Northfield Labs. Inc. (In re Northfield Labs. Inc.), 467 B.R. 582, 590 (Bankr. D. Del. 2010) (citing Centennial Coal, Inc. v. Coal Equity, Inc. (In re Centennial Coal, Inc.), 282 B.R. 140, 144 (Bankr. D. Del. 2002)).

In deciding a motion for transfer of venue, the Third Circuit considers numerous factors, including: (1) plaintiff's choice of forum, (2) defendant's forum preference, (3) whether the claim arose elsewhere, (4) location of the books and records, (5) the convenience of the parties as indicated by their relative physical and financial condition, (6) the convenience of the witnesses — but only to the extent that the witness may actually be unavailable at trial, (7) the enforceability of the judgment, (8) practical considerations that would make the trial easy, expeditious, or inexpensive, (9) the relative administrative

difficulty in the two fora resulting from congestion of the courts' dockets, (10) the public policies of the fora, (11) the familiarity of the judge with the applicable state law, and (12) the local interest in deciding local controversies at home. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); Holdings II Corp. v. Home Depot, Inc. (In re DHP Holdings II Corp.), 435 B.R. 264, 273 (Bankr. D. Del. 2010) (applying the Jumara factors to a transfer of venue motion in an adversary proceeding). The Court has the discretion to determine the weight of each factor on a case-by-case basis. Jumara, 55 F.3d at 883; DHP, 435 B.R. at 269.

    1.    Plaintiff's Choice of Forum

The Plaintiff selected this forum. The Plaintiff contends that deference is given to the plaintiff's choice of forum if it is legally proper. Jumara, 55 F.3d at 880 ("courts normally defer to a plaintiff's choice of forum"). See also, Visteon v. Governor Bus. Solutions (In re Visteon Corp.), No. 09-11786, 2011 WL 5025004, at *1 (Bankr. D. Del. Oct. 21, 2011) (finding that deference to a plaintiff's choice of forum is proper in an avoidance action).

The Defendant counters that deference is lessened when, as here, a plaintiff sues in a representative capacity. See, e.g., Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) ("when an individual brings a derivative suit or represents a class, the

named plaintiff's choice of forum is given less weight."); Rader v. Bruister, No. 2:10-cv-00222, 2010 WL 2179799, *5 (E.D. Cal. 2010) (finding that deference should be lessened when the plaintiff brings an action in a representative capacity). Giving less deference to a representative plaintiff "serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district." Martinez v. Knight Transportation, Inc., No. 116CV01730DADSKO, 2017 WL 2722015 (E.D. Cal. June 23, 2017) (citation omitted) (holding that the plaintiff's choice of forum is given less deference when the plaintiff brings an action on behalf of a nationwide class and does not reside in the district).

The Court disagrees with the Defendant that the Plaintiff's choice of forum should be given less deference here. The rationale for giving less deference to a representative plaintiff due to forum shopping concerns is inapplicable to a trust in a bankruptcy case. The Plaintiff is suing on behalf of the bankruptcy estate which is created by the filing of the bankruptcy case in this district. It is therefore proper for the Plaintiff to file all avoidance actions in the same forum as the underlying bankruptcy case. Consequently, the Court will give the usual deference to the Plaintiff's choice of venue and this factor weighs in favor of the adversary proceeding remaining in Delaware.

2. <u>Defendant's Forum Preference</u>

The Defendant prefers the Southern District of New York. The Plaintiff responds that the Defendant's choice of forum should receive less weight than the Plaintiff's choice of forum. <u>Hechinger Liquidation Trust v. Fox (In re Hechinger Inv. Co. Of Del., Inc.)</u>, 296 B.R. 323, 326 (Bankr. D. Del. 2003).

The Court agrees with the Plaintiff. While this factor weighs in the Defendant's favor, it is not given as much weight as the Plaintiff's choice of forum.

3. <u>Whether the Claim Arose Elsewhere</u>

The Defendant argues that the claims arose in the Southern District of New York because all relevant facts, including the challenged payments, occurred there. The Plaintiff responds that the claims are for the avoidance of preferential and fraudulent transfers and, therefore, where the underlying contract was performed is irrelevant. See, e.g, <u>Stone & Webster, Inc. v. Couts Heating & Cooling, Inc. (In re Stone & Webster, Inc.)</u>, No. 02-3974, 2003 WL 21356088, at *2 (Bankr. D. Del. June 10, 2003) (noting that the relevant transactions in an avoidance action are the "sending and receiving of invoices and checks, and perhaps the exchange of communication regarding the timing of payments."); <u>HLI Creditor Trust v. Keller Rigging Const. (In re Hayes Lemmerz Int'l, Inc.)</u>, 312 B.R. 44, 45 (Bankr. D. Del. 2004) (explaining that the location and performance of the underlying

contract are not at issue in an avoidance action).

The Court agrees with the analysis of the cases cited by the Plaintiff.  While the Defendant may have provided legal services to the Debtors in New York, it is not the performance of that agreement that is at issue.  However, to the extent the payments may have been made in the Southern District of New York, this factor favors transfer.

### a.     Forum Selection Clause in Contract

The Defendant also argues that the engagement letter, executed by the parties on March 4, 2015, includes a forum selection clause requiring that any dispute be resolved in the Southern District of New York.  (Adv. D.I. 8, Ex. A.)  The Defendant asserts that the Plaintiff's attempt to recover payments made under that agreement triggers the forum selection clause.

The Plaintiff argues that a forum selection clause in an underlying contract does not bind a liquidating trustee's choice of forum in an avoidance action because the avoidance action arises by statute separate from the underlying contract.  Charys Liquidating Trust v. McMahan Sec. Co., L.P., (Charys Holding Co., Inc.), 443 B.R. 628, 634-35. (Bankr. D. Del. 2010) (noting that an avoidance action arises irrespective of any contract between the parties); AstroPower Liquidating Trust v. Xantrex Tech. Inc.

(In re AstroPower Liquidating Trust), 335 B.R. 309, 328 (Bankr. D. Del. 2005) (same).

Further, the Plaintiff argues that the Debtors' creditors, the ultimate parties-in-interest in this avoidance action, were not a party to the original contract or bound by the forum selection clause. AstroPower, 335 B.R. at 328 (reasoning that avoidance actions under the Bankruptcy Code are "derivative in nature; the transferor's creditors are the real parties in interest."). Therefore, the Plaintiff asserts that it should not be bound by a forum selection clause in a contract to which the creditors are not parties. Charys, 443 B.R 628, 635 ("the real parties in interest are the debtor's creditors, who were not parties to the original contract. As a result, Plaintiffs are not bound by the forum selection clause . . . .")

The Court agrees with the reasoning in AstroPower and Charys and concludes that the forum selection clause does not require transfer of venue of this adversary proceeding.

4. Location of the Books and Records

The Defendant argues that venue should be transferred because all pertinent records are located in the Southern District of New York. The Plaintiff responds that discovery in an avoidance action is often limited to electronic records, rendering this factor unimportant. Hayes Lemmerz, 312 B.R. at 47 (citing Stone & Webster, 2003 WL 21356088, at *2)) (finding that when discovery is largely limited to "'paper exchanges,' the

physical location of books and records is of less concern."). See also, LMI GUC Trust v. Clairvest Equity Partners Ltd. P'ship (In re LMI Holdings, Inc.), 553 B.R. 235, 255 (Bankr. D. Del. 2016) (deciding that this factor is unimportant when there is no physical evidence that needs to be brought to court).

The Court agrees with the Plaintiff that discovery in this proceeding will largely be electronic documents. The Defendant does not describe any relevant documents or physical evidence that would make the Southern District of New York a better forum. The only documents cited by the parties as germane to the avoidance actions are the type of "paper exchanges" that can easily be transferred electronically. Thus, the Court finds this factor to be neutral.

### 5. Convenience of the Parties

The Defendant argues that it is located in New York, making litigation costs less expensive there. Further, the Defendant notes that the Plaintiff will not incur any additional expense prosecuting the action in the Southern District of New York because Plaintiff's counsel has a New York office. The Plaintiff responds that technology exists to ease the Defendant's burden and that the Defendant has traveled extensively to Delaware.[2]

---

[2] Cases in which the Defendant appeared in Delaware include: Patriot National, Inc., Case No. 18-10189 (Representing interested party Cerberus Business Finance, LLC); TSWAD Holdings, Case No. 16-10527 (Defendant representing interested party TPG Speciality Lending, Inc.); Maxus Energy Corporation, Case No. 16-11501 (Representing the Official Committee of Unsecured

Comparatively, transferring venue inconveniences the Plaintiff. There is a temporal and financial burden on a liquidating trustee if it must pursue avoidance actions in multiple fora. See Hechinger, 296 B.R. at 327. In this case, the Plaintiff has commenced multiple avoidance actions and would be inconvenienced if the Court transferred one or more actions to the defendants' preferred fora.

While the Court agrees that New York would be a more convenient forum for the Defendant, it is noteworthy that the Defendant routinely appears before this Court. Further, the Defendant mischaracterizes the United States Bankruptcy Court for the District of Delaware when it calls it a "distant forum": it is slightly more than 100 miles and a two hour train ride from New York. Finally, though the Plaintiff's counsel, ASK LLP, does have a New York office, the Defendant has already retained Delaware counsel for this adversary proceeding.

For these reasons, the Court finds the fifth factor weighs in favor of the adversary proceeding remaining in Delaware.

    6.    <u>Convenience of the Witnesses</u>

The Defendant argues that all potential witnesses are

---

Creditors); Milagro Holdings, Case No. 15-11520 (Representing creditor TPG Speciality Lending, Inc.); and RS Legacy Corporation, Case No. 15-10197 (Representing interested party Cerberus Levered Loan Opportunities Fund II, L.P. and Cerberus ASRS Holdings LLC). In addition, the Defendant was retained in this very bankruptcy case as an Ordinary Course Professional. (D.I. 607.)

located in the Southern District of New York and that the Court would not be able to compel testimony in Delaware.  The Plaintiff responds that the convenience of the witnesses is only a factor to the extent that the witnesses may "actually be unavailable for trial in one of the fora."  Jumara, 55 F.3d at 879; Hayes Lemmerz, 312 B.R. at 47.

Here, there is no indication that the Plaintiff's or Defendant's potential witnesses will not appear voluntarily in this Court.  Thus, the Defendant has not met its burden of establishing that witnesses would be unavailable in Delaware.

Additionally, the Plaintiff contends that avoidance actions rarely go to trial and typically last less than one day.  Stone & Webster, 2003 WL 21356088, at *2 n.2 ("the vast majority, perhaps 90%, of avoidance actions do not go to trial").  Considering the short distance between New York and Delaware, as well as the small likelihood any witness will actually be needed, the Court does not heavily weigh this factor.  To the extent it does, this factor favors transfer.

       7.    Enforceability of the Judgment

Judgments by this Court and the Southern District of New York are equally entitled to full faith and credit.  See, e.g., OCB Rest. Co. v. Vlahakis (In re Buffets Holdings, Inc.), 397 B.R. 725, 729 (Bankr. D. Del. 2008).  Thus, this factor is neutral.

8.  Practical Considerations

The Defendant contends that practical considerations make a trial in the Southern District of New York more efficient. The Plaintiff counters that:

> [m]aintaining [an] adversary proceeding in the same venue as the bankruptcy case would provide a more economical use of judicial resources than transferring [an] adversary proceeding . . . because the Court is already familiar with the facts underlying the bankruptcy case. Further the Trustee is involved in multiple other preference actions pending in Delaware, thereby minimizing the cost of litigation.

In re Visteon, 2011 WL 5025004, at *3 (citing Giuliano v. Harko, Inc. (In re NWL Holdings, Inc.), Case No. 10-52768, 2011 WL 767777 at *6 (Bankr D. Del. Feb. 24, 2011)). See also, Hayes Lemmerz, 312 B.R. at 47 (recognizing that if one adversary proceeding were required to be tried in another district, estate funds and time would be squandered unnecessarily).

The Court agrees with the Plaintiff that keeping the adversary proceeding in Delaware would minimize estate costs and make a potential trial more expeditious because the adversary proceeding is already pending in this Court. Thus, this factor weighs in favor of keeping the action in Delaware.

9.  Relative Administrative Difficulty

It is in the interest of judicial economy for the Court to retain an adversary proceeding, so long as its caseload is not too heavy. Hayes Lemmerz, 312 B.R. at 47. This adversary proceeding does not overburden the Court. Consequently, this

factor weighs in favor of keeping this adversary proceeding in Delaware.

    10.   <u>Public Policies of the Fora</u>

The Plaintiff argues that if the Court transferred the Defendant's adversary proceeding, it would open the door to motions from all defendants to transfer their adversary proceedings.

The Court agrees with the Plaintiff. In <u>Hechinger</u>, the Court articulated how transferring the venue of an avoidance action creates a slippery slope:

> If Defendant were successful in having this case transferred . . . it would establish a basis for transferring hundreds, if not thousands, of preference actions away from the forum of the debtor's chapter 11 case, resulting in considerable additional cost to the estate or causing the debtor (or trustee) to forgo pursuit of preference actions, thereby undermining the intended effect of 11 U.S.C. § 547 of equalizing distribution to creditors.

<u>Hechinger</u>, 296 B.R. at 327 (Bankr. D. Del. 2003) (holding that there is a strong public policy of centralizing avoidance actions in the forum of the underlying bankruptcy case).

Here, like other chapter 11 cases, the Plaintiff is pursuing multiple avoidance actions. Transfer of venue would burden the estate and reduce creditors' recovery. Therefore, public policy strongly supports keeping the adversary proceeding in Delaware.

    11.   <u>Familiarity with Applicable State Law</u>

No underlying state law issues have been raised. Therefore, this factor is neutral.

    12.   Local Interest

Finally, the Defendant does not argue that any local interest in the Southern District of New York exists to warrant transfer. Even if there were, the Court's interest in enforcing the "fundamental tenet of centralized resolution of purely bankruptcy issues" offsets any potential interest the Southern District of New York may have in the proceeding. In re APF Co., 264 B.R. 344, 364 (Bankr. D. Del. 2001).

IV.  CONCLUSION

The Court finds that the Jumara factors weigh in favor of denying the Defendant's motion to transfer venue. The Defendant has not carried its burden to show that transfer is appropriate by a preponderance of the evidence. For the foregoing reasons, the Court will deny the Defendant's motion to transfer venue.

An appropriate Order follows.

Dated: May 17, 2018                BY THE COURT:

                                          Mary F. Walrath
                                          United States Bankruptcy Judge